Taylor, Chief-Justice,
delivered the
OPINION OF THE COURT.
So large a proportion of the contracts in this State concern lands, that it is of great consequence to lay down the rules which relate to covenants and warranties, with all the perspicuity of which they are susceptible. This will not only promote confidence and security, but tend to introduce a greater degree of precision into deeds, than it is now customary to use; for the necessity of this will be manifest from a very slight attention to the principles which relate to this subject.
*79 The first question is, Whether an action of covenant will lie upon the deficiency of five and a quarter acres, stated in the first count of the declaration?
The deed is a bargain and sale, and contains no warranty or covenant to warrant. It must therefore be considered as the intention of the bargainor, and as so understood by the bargainee, that no warranty accompanied the sale. However equitable it may appear, on principle, that compensation should be made by the seller upon a deficient quantity, and the civil law adopts that idea, yet, according to the established theory of the common law, no action can be sustained when the sale is free from the imputation of fraud. “This "word warrantizo maketh the warranty, and is the cause of "warranty, and no other word in our laws.”a
If the seller in any case conceal from the buyer a circumstance, which would disclose a defect in the title, or neglect to inform him of an incumbrance to which it is subject, these, and other similar cases of fraud, may be remedied by an action on the case, in the nature of an action of deceit; and in such case, the action may be maintained as well where there is no warranty, as where it does not reach the particular defect.b Cases of fraud form an exception to many of the rules of common law, the genius of which aims to intercept the expected reward of dishonest contrivances, and to break down every barrier behind which covin seeks to entrench itself.
The next enquiry is, Whether this conveyance contains any words from which, a warranty can be implied? And here it might be sufficient to say, that the deed is of the class of *80 those which have derived their principal efficacy from the statute of uses; that it was seldom resorted to before that statute; and that it is only in common law conveyances, feoffment, release and confirmation, that particular words imply a warranty. It may, however, be a more satisfactory ground of decision to consider this case as if the action was brought upon a common law conveyance. I will therefore concisely examine the doctrine on this subject, which, artificial and refined as it is, forms yet the only source whence we can derive our practical rules.
The statute de bigamis, cap. 6. is said by Lord Coke to be declaratory of the common law, in relation to this point.—According to that statute, “in deeds wherein is contained “dedi and concessi, without homage or without a clause of “warranty, and to be holden of the givers and their heirs by “certain services, it is agreed that the givers and their heirs “shall be bound to warranty: And where is contained dedi “and concessi, and to be holden of the chief lord of the fee, “and not of the feoffers and their heirs, reserving no services, "without homage or without the aforesaid clauses, their heirs “shall not be bound to warranty, notwithstanding the feoffer, “during his own life, by force of his own free gift, shall be “bound to warrant.”
Thus it appears by the statute, that the word dedi bound the feoffer and his heirs to warranty; and the reason of it, according to Lord Coke, was "that where dedi is "accompanied with a perdurable tenure of the feoffer and his “heirs, there dedi importeth a perdurable warranty for the “feoffer and his heirs to the feoffee and his heirs.” a
The statute of quia emplores afterwards abolished subinfeudations, and consequently with them the warranty, so far *81 as it respected the heirs of the feoffer; because, as this was a consequence of tenure, it could not subsist without it.—Thenceforward the implied warranty only bound the donor during his own life; and, except in the case of homage auncestrel, the heirs could not be bound without an express warranty.
But there is no other word besides give which does imply a warranty in the conveyance of the fee-simple estates a:—Consequently, neither the nature of the deed itself, nor the words contained in it, will permit us to imply it in the present case. On the first count, therefore, the defendant is entitled to judgment.
The deed declared on, in the second count, contains an express warranty, at the date of which, it appears by the finding of the Jury, that Ann Stocker was seized in fee of twenty-three acres of the land, lying within the boundaries described in the deed. This amounts to a breach of the covenant, for which the plaintiff is clearly entitled to compensation.
By the warranty, which is the foundation of the second count, it must be admitted that an obligation is created, which in England is enforced by a writ of warrantia charta, or by voucher. The first has never been used in this State; the second is permitted only in real actions, which have never been resorted to here. Unless, then, an action of covenant is sustained, the party who has an acknowledged legal right is without remedy. The reason why an action of covenant lies not in England on a warranty, is, that the party has a higher and better remedy, which the law always compels a person to use. But even there, if that remedy cannot be afforded him the law permits him to bring covenant: As, if *82 a term for years only be recovered out of an inheritance which has been warranted to him; as in this case he could not vouch, for that is only permitted in real actions—nor could he bring a warrantia charta, for that is where some person demands or claims the fee of him—if necessary, it gives a less remedy. This doctrine is exemplified in Yelverton’s Reports, 189, Pincombe v. Rudge.
Norwood for the Plaintiff—D. Cameron for the Defendant.
With respect to the plea relied upon, and which forms a part of the case, the Court recollects no authority, nor is it aware of any principle, upon which it can be sustained.—Had the suit been brought in the name of the plaintiff’s vendee, there might have been some ground for the objection: for as the breach was coeval with the covenant, the right to sue was a chose in action, the propriety of assigning which is at least questionable. But it is evident that, as the defendant was not seized of the 23 acres when he sold, nothing passed to the plaintiff by the deed, and he could convey nothing to R. B. consequently, with respect to the quantity in dispute, the plea fails in point of fact. Upon these grounds, we are of opinion that the plaintiff is entitled to Judgment on the second count.

 Littleton, 733.

 Coke on Littleton, in not. 384.

 2d Institut. 25.

 Coke Litt, 385.